UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| "JANE DOE 1," "JANE DOE 2," | ) | |
| "JANE DOE 3," "JANE DOE 4," | ) | |
| "JANE DOE 5," "JANE DOE 6," | ) | |
| "JANE DOE 7," | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| JASON R. MUSSELMAN, | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiffs, by and through their attorneys, HASSELBERG GREBE SNODGRASS URBAN & WENTWORTH, allege for their Complaint as follows:

**COMPLAINT**

**NATURE OF THE ACTION**

1.      This is a suit for damages arising from the Defendant's violations of federal criminal child pornography statutes 18 U.S.C. § 2251, 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B).

2.      18 U.S.C. § 2255(a) allows victims of child pornography crimes to recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The Court may also award punitive damages and grant such other preliminary and equitable relief as the Court determines to be appropriate.

**PARTIES**

3. Defendant is an adult currently in the custody of the United States Marshals Service.

4. Defendant resided in this District prior to his incarceration.

5. At all times material hereto, Defendant owned and resided in a single-family home located at 105 E. Clinton Street, Toulon, Stark County, Illinois.

6. At all times materials hereto, Defendant owned and operated a tanning bed at his home in Toulon.

7. "Jane Doe 1" is currently an adult residing in Illinois.

8. "Jane Doe 1" is a pseudonym for a victim depicted in materials produced when she was a minor found in the possession of Defendant following an investigation by Illinois State Police Special Agent McFall.

9. "Jane Doe 2" is currently an adult residing in Illinois.

10. "Jane Doe 2" is a pseudonym for a victim depicted in materials produced when she was a minor found in the possession of Defendant following an investigation by Illinois State Police Special Agent McFall.

11. "Jane Doe 3" is currently an adult residing in Illinois.

12. "Jane Doe 3" is a pseudonym for a victim depicted in materials produced when she was a minor found in the possession of Defendant following an investigation by Illinois State Police Special Agent McFall.

13. "Jane Doe 4" is currently an adult residing outside of Illinois.

14. "Jane Doe 4" is a pseudonym for a victim depicted in materials produced when she was a minor found in the possession of Defendant following an investigation by Illinois State Police Special Agent McFall.

15. "Jane Doe 5" is currently an adult residing in Illinois.

16. "Jane Doe 5" is a pseudonym for a victim depicted in materials produced when she was a minor found in the possession of Defendant following an investigation by Illinois State Police Special Agent McFall.

17. "Jane Doe 6" is an adult residing outside of Illinois.

18. "Jane Doe 6" is a pseudonym for a victim depicted in materials produced when she was a minor found in the possession of Defendant following an investigation by Illinois State Police Special Agent McFall.

19. "Jane Doe 7" is an adult residing in Illinois.

20. "Jane Doe 7" is a pseudonym for a victim depicted in materials produced when she was a minor found in the possession of Defendant following an investigation by Illinois State Police Special Agent McFall.

21. Each of the plaintiffs is depicted in images of Child Pornography (defined below) seized from Defendant's possession following the execution of a search warrant on January 19, 2022.

**JURISIDCTION AND VENUE**

22. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255, a law of the United States.

23. Venue is proper pursuant to 18 U.S.C. § 2255(c)(1) and 28 U.S.C. §§ 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where Defendant resides and

3

(ii) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

**FACTS**

24.    Defendant with malice aforethought installed camera devices in the tanning bed area of his house linked to computer systems with the intent to produce Child Pornography.

25.    Defendant produced Child Pornography in the tanning bed area of his house on or between April 2010 and March 2013.

26.    On August 1, 2021, a report was submitted to the National Center for Missing and Exploited Children regarding an incident of child sexual abuse material ("CSAM") being possessed or transmitted on a messaging service from in or near Toulon, Illinois from username "Jakkkel." Further investigation of the associated IP addresses connected the Defendant to the incident.

27.    Execution of a search warrant on January 19, 2022 by Illinois State Police Special Agent Matt McFall led to the discovery of several digital items, including a 512 GB MicroSD card (the "MicroSD card") and Defendant's iPhone 11 Pro Max (device serial number FK1ZK0PKN70H with owner's name listed as Defendant)("Defendant's iPhone").

28.    A forensic examination of the digital images found was performed by Detective Steven C. Smith, currently a Task Force Officer with the Department of Homeland Security, Immigration and Customs Enforcement, and Homeland Security Investigations. As part of his responsibilities, he investigates criminal violations relating to child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. He has received training in the

4

areas of child pornography and child exploitation and has observed and reviewed numerous examples of child pornography as defined by 18 U.S.C. § 2256 in computer media.

29.     During a forensic examination of Defendant's iPhone, Detective Smith located a zip folder with approximately 226 digital images created on the device at 12:31:37 pm (UTC-6) on December 20, 2021, many depicting nude photos of individuals in or near a tanning bed. Defendant could also access these images from any electronic device via Google Drive.

30.     These images were also found on the MicroSD card, which was found concealed in Defendant's bedroom.

31.     Many of the images depicting individuals using the tanning bed were taken from a vantage point where the victims' legs are "splayed" such that their genitals are directly exposed and a focal point of the images. Such positioning demonstrates intentionality for Defendant's optimal gratification.

32.     The forensic examination also located data associated with a Kik Messenger account with the username "Jakkkel." The data revealed that "Jakkkel" participated in a conversation with another user in which "Jakkkel" transmitted an image of a collage containing three individual images of the same female, one of which was her standing in the nude.

33.     Following these findings, Special Agent McFall provided notice to each of the Plaintiffs that their child pornography images were among those possessed by Defendant in violation of federal child pornography law. Such notice was provided beginning in February 2022. Upon notice, each Plaintiff has identified themselves as being depicted in the images found on Defendant's iPhone and the concealed MicroSD card.

34.    On March 10, 2022, the criminal complaint against Defendant was filed. The complaint alleged the following offenses:

Offense: 18 U.S.C. §§ 2251(a) and (e) (Sexual Exploitation of Children/Production of Child Pornography)

On or about April, 2010 to on or about March, 2013 in the County of Stark, in the Central District of Illinois

Offense Description: on multiple occasions, did and attempted to use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

Offense: 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) (Distribution of Child Pornography)

On or about December 21, 2021, in the County of Stark, in the Central District of Illinois

Offense Description: did knowingly distribute images of child pornography, as defined in 18 U.S.C. § 2256(8), including visual depictions of a minor engaging in sexually explicit conduct, said child pornography having been shipped and transported using any means and facility of interstate and foreign commerce by any means, including by computer.

Offense: 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Possession of Material Containing Child Pornography)

On or about January 19, 2022 in the County of Stark, in the Central District of Illinois

Offense Description: Knowingly possessed material that contained images of child pornography as defined in 18 U.S.C. § 2256(8) said images having been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer.

35.    The criminal complaint was brought in the United States District Court, Central District of Illinois, in the matter denominated *United States v. Jason Musselman*, Case No. 22-MJ-6047, with the charges of Sexual Exploitation of Children and Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and (e), Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and Possession of Material Containing Child Pornography in violation

of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). These crimes were alleged to have been committed between April, 2010 and March, 2013.

36. 18 U.S.C. §§ 2251(a) and (e), regarding Sexual Exploitation of Children and Production of Child Pornography, state:

(a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

shall be punished under subsection (e).
…

(e) Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years, but if such person has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 35 years nor more than life. Any organization that violates, or attempts or conspires to violate, this section shall be fined under this title. Whoever, in the course of an offense under this section, engages in conduct that results in the death of a person, shall be punished by death or imprisoned for not less than 30 years or for life.

37.    18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), regarding Distribution of Child Pornography and Receipt of Child Pornography, state, in relevant part:

(a)(2)(A) Any person who knowingly receives or distributes any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

…

(b)(1) Whoever violates, or attempts or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.

38.    18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), regarding Possession of Child Pornography, state, in relevant part:

(a)(5)(B) Any person who knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

…

(b)(2) Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

39.    "Sexually explicit conduct" means "actual or simulated lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(v).

40.    "Visual depiction" includes "underdeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format." 18 U.S.C. § 2256(5).

41.    "Child Pornography" means, in pertinent part applicable to the images complained of in the instant case as to all Plaintiffs, "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where - the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(A).

42.    The violations described in ¶35 above avail Plaintiffs the relief under the Child Pornography civil remedy statute, 18 U.S.C. § 2255(a), which states:

> *Any person who, while a minor, was a victim of a violation of section* 1589, 1590, 1591, 2241(c), 2242, 2243, *2251*, 2251A, 2252, *2252A*, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the *actual damages such person sustains or liquidated damages in the amount of $150,000*, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award *punitive damages* and such other preliminary and equitable relief as the court determines to be appropriate. 18 U.S.C. § 2255(a) (emphasis added).

43.    On November 17, 2022, Defendant pled guilty to these Child Pornography offenses described in ¶35. Sentencing is scheduled for March 23, 2023.

**COUNT 1 AS TO "JANE DOE 1"**
**18 U.S.C. § 2255(a)**

44.    Plaintiff "Jane Doe 1" repeats and realleges all prior paragraphs.

45.    Defendant invited "Jane Doe 1" to use a tanning bed at his home in Toulon at a time when Defendant knew "Jane Doe 1" was a minor.

46.    "Jane Doe 1" utilized and used Defendant's tanning bed located at Defendant's home at 105 E. Clinton Street, Toulon, Stark County, Illinois from 2011 to 2013 while "Jane Doe 1" was under age eighteen.

47.    "Jane Doe 1" disrobed and became totally naked while utilizing and using Defendant's tanning bed.

48.    Defendant's Child Pornography of "Jane Doe 1" depicts "Jane Doe 1" in or near Defendant's tanning bed.

49.    "Jane Doe 1" identified herself to Special Agent McFall on or about February 14, 2022 as being a person depicted in the tanning bed area of the Defendant's house in full-body, nude with her genitals directly exposed, in images found in the zip folder from Defendant's iPhone and the MicroSD card (the "Jane Doe 1 Images").

50.    Defendant produced these Jane Doe 1 Images. 18 U.S.C. §§ 2251(a) and 2256(3).

51.    Defendant continued to possess these Jane Doe 1 Images as of January 19, 2022. 18 U.S.C. § 2252A(a)(5)(B).

52.    Defendant bartered and traded Defendant's Child Pornography of "Jane Doe 1" and other minors, resulting in the distribution of the images in exchange for the receipt of other illegal content. 18 U.S.C. § 2252A(a)(2)(A).

53.    Defendant pled guilty to the predicate federal Child Pornography crimes of Sexual Exploitation of Children and Production of Child Pornography in violation of 18 U.S.C. § 2251(a),

10

Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and Possession of Material Containing Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

54.     Defendant's conduct constitutes the production, distribution, and possession of Child Pornography as defined by 18 U.S.C. §§ 2256(3) and (8) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

55.     The Jane Doe 1 Images visually depict sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A)(v) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

56.     "Jane Doe 1," at all times when Child Pornography of Jane Doe 1 was produced, was a minor as defined by 18 U.S.C. § 2256(1).

57.     "Jane Doe 1" is a victim of Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B).

58.     Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B) trigger the relief offered under 18 U.S.C. § 2255(a) for civil remedies in favor "Jane Doe 1."

59.     In *Paroline v. United States*, 572 U.S. 464, 134 S.Ct. 1710 (2014), *Osborne v. Ohio*, 494 U.S. 103, 110 S.Ct. 1691 (1990), and *New York v. Ferber*, 458 U.S. 757. 102 S.Ct. 3348 (1982), the United States Supreme Court has held that victims of child pornography crimes suffer de facto personal injury. "Jane Doe 1" is such a victim and therefore as a matter of law has suffered personal injury as a result of Defendant's federal child pornography crimes as defined in 18 U.S.C. § 2256(8).

60. "Jane Doe 1" elects liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, and such other relief as the Court deems appropriate.

61. *Midwest Sanitary Service, Inc. v. Sandberg, Phoenix & Von Gontard, P.C.*, 2022 IL 127327, states at ¶26: "Black's Law Dictionary defines 'punitive damages' or 'exemplary damages' as 'damages on an increased scale, awarded to the plaintiff over and above what will barely compensate him for his property loss, where the wrong done to him was aggravated by circumstances of violence, oppression, malice, fraud, or wanton and wicked conduct on the part of the defendant, and are intended to solace the plaintiff for mental anguish, laceration of his feelings, shame, degradation, or other aggravations of the original wrong, or else to punish the defendant for his evil behavior or to make an example of him.' Black's Law Dictionary 352 (5th ed. 1979)."

62. "Jane Doe 1" is such a plaintiff, and Defendant is such a defendant, as described and "Jane Doe 1" is therefore entitled to punitive damages in an amount to be determined by the fact-finder. 18 U.S.C. § 2255(a).

63. "Jane Doe 1" is not seeking "actual damages" under 18 U.S.C. § 2255.

WHEREFORE, "Jane Doe 1" requests judgment against Defendant as follows:

a. Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

b. Punitive damages in an amount to be determined by the fact-finder pursuant to 18 U.S.C. § 2255(a);

c. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a); and

d. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

"Jane Doe 1" hereby demands a trial by jury on all counts and issues so triable.

**COUNT 2 AS TO "JANE DOE 1"**
**COMMON-LAW INTRUSION UPON SECLUSION**

64. Plaintiff "Jane Doe 1" repeats and realleges all prior paragraphs.

65. In addition to the federal crimes listed above, the Defendant invaded the privacy of "Jane Doe 1" through the conduct for which he plead guilty.

66. Under Illinois common-law, the elements required to prove invasion of privacy based on intrusion upon seclusion are: (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is highly offensive or objectionable to a reasonable person; (3) that the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering. *Jacobson v. CBS Broad., Inc.*, 2014 IL App (1st) 132480, ¶ 47.

67. Defendant's conduct for which he pled guilty, namely by recording and then taking photographic stills of "Jane Doe 1," denoted Jane Doe 1 Images above, without her consent, as a minor, and while in the nude to tan in the bed in Defendant's residence, constitutes an unauthorized intrusion into the seclusion of "Jane Doe 1."

68. The taking of these recordings and photographs was highly offensive and objectionable to a reasonable person as they were recorded without their knowledge while in the nude, but even more so for "Jane Doe 1" as she was a minor at the time of this conduct.

69. "Jane Doe 1" was recorded while in the nude to tan in the tanning bed in Defendant's home. The act of undressing to tan is inherently private, as is undressing in general. This is only compounded by the fact that "Jane Doe 1" was a minor at the time, increasing the privacy that should have been afforded to her that was violated by Defendant.

70. As a direct and proximate result of the intrusion of seclusion by Defendant, "Jane Doe 1" has endured and continues to endure permanent and severe emotional distress, embarrassment, anguish and suffering due to the conduct of the Defendant.

13

71. These facts demonstrate an intrusion of the seclusion of "Jane Doe 1" by Defendant's criminal actions. "Jane Doe 1" is entitled to relief for such a violation.

72. Punitive damages may be awarded when the defendant's tortious conduct evinces a high degree of moral culpability. Indeed, "punitive damages may be awarded when torts are committed with 'fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.'" *Lawlor v. N. Am. Corp. of Illinois*, 409 Ill. App. 3d 149, 166 (1st Dist. 2011).

73. Defendant's conduct as described above was extreme and outrageous and constitutes actual malice as well as a wanton disregard for the rights of others. As such, punitive damages are a proper remedy for Defendant's conduct.

WHEREFORE, "Jane Doe 1" requests judgment against Defendant as follows:

a.      Compensatory damages exceeding $50,000.00;

b.      Pre-judgment and post-judgment interest;

c.      Punitive damages in an amount to be determined by the fact-finder; and

d.      Such other and further relief as the Court deems just and proper.

### JURY DEMAND

"Jane Doe 1" hereby demands a trial by jury on all counts and issues so triable.

### COUNT 3 AS TO "JANE DOE 2"
### 18 U.S.C. § 2255(a)

74. Plaintiff "Jane Doe 2" repeats and realleges paragraphs 1 through 43.

75. Defendant invited "Jane Doe 2" to use a tanning bed at his home in Toulon at a time when Defendant knew "Jane Doe 2" was a minor.

14

76.    "Jane Doe 2" utilized and used Defendant's tanning bed located at Defendant's home at 105 E. Clinton Street, Toulon, Stark County, Illinois from 2010 to 2015 while "Jane Doe 2" was under age eighteen.

77.    "Jane Doe 2" disrobed and became totally naked while utilizing and using Defendant's tanning bed.

78.    Defendant's Child Pornography of "Jane Doe 2" depicts "Jane Doe 2" in or near Defendant's tanning bed.

79.    "Jane Doe 2" identified herself to Special Agent McFall on or about February 23, 2022 as being a person depicted in the tanning bed area of the Defendant's house in full-body, nude with her genitals directly exposed, in images found in the zip folder from Defendant's iPhone and the MicroSD card (the "Jane Doe 2 Images").

80.    Defendant produced these Jane Doe 2 Images. 18 U.S.C. §§ 2251(a) and 2256(3).

81.    Defendant continued to possess these Jane Doe 2 Images as of January 19, 2022. 18 U.S.C. § 2252A(a)(5)(B).

82.    Defendant bartered and traded Defendant's Child Pornography of "Jane Doe 2" and other minors, resulting in the distribution of the images in exchange for the receipt of other illegal content. 18 U.S.C. § 2252A(a)(2)(A).

83.    Defendant pled guilty to the predicate federal Child Pornography crimes of Sexual Exploitation of Children and Production of Child Pornography in violation of 18 U.S.C. § 2251(a), Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and Possession of Material Containing Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

15

84. Defendant's conduct constitutes the production, distribution, and possession of Child Pornography as defined by 18 U.S.C. §§ 2256(3) and (8) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

85. The Jane Doe 2 Images visually depict sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A)(v) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

86. "Jane Doe 2," at all times when Child Pornography of Jane Doe 2 was produced, was a minor as defined by 18 U.S.C. § 2256(1).

87. "Jane Doe 2" is a victim of Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B).

88. Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B) trigger the relief offered under 18 U.S.C. § 2255(a) for civil remedies in favor "Jane Doe 2."

89. In *Paroline v. United States*, 572 U.S. 464, 134 S.Ct. 1710 (2014), *Osborne v. Ohio*, 494 U.S. 103, 110 S.Ct. 1691 (1990), and *New York v. Ferber*, 458 U.S. 757. 102 S.Ct. 3348 (1982), the United States Supreme Court has held that victims of child pornography crimes suffer de facto personal injury. "Jane Doe 2" is such a victim and therefore as a matter of law has suffered personal injury as a result of Defendant's federal child pornography crimes as defined in 18 U.S.C. § 2256(8).

90. "Jane Doe 2" elects liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, and such other relief as the Court deems appropriate.

91.     *Midwest Sanitary Service, Inc. v. Sandberg, Phoenix & Von Gontard, P.C.*, 2022 IL 127327, states at ¶26: "Black's Law Dictionary defines 'punitive damages' or 'exemplary damages' as 'damages on an increased scale, awarded to the plaintiff over and above what will barely compensate him for his property loss, where the wrong done to him was aggravated by circumstances of violence, oppression, malice, fraud, or wanton and wicked conduct on the part of the defendant, and are intended to solace the plaintiff for mental anguish, laceration of his feelings, shame, degradation, or other aggravations of the original wrong, or else to punish the defendant for his evil behavior or to make an example of him.' Black's Law Dictionary 352 (5th ed. 1979)."

92.     "Jane Doe 2" is such a plaintiff, and Defendant is such a defendant, as described and "Jane Doe 2" is therefore entitled to punitive damages in an amount to be determined by the fact-finder. 18 U.S.C. § 2255(a).

93.     "Jane Doe 2" is not seeking "actual damages" under 18 U.S.C. § 2255.

WHEREFORE, "Jane Doe 2" requests judgment against Defendant as follows:

a.  Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

b.  Punitive damages in an amount to be determined by the fact-finder pursuant to 18 U.S.C. § 2255(a);

c.  Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a); and

d.  Such other and further relief as the Court deems just and proper.

### JURY DEMAND

"Jane Doe 2" hereby demands a trial by jury on all counts and issues so triable.

## COUNT 4 AS TO "JANE DOE 2"
## COMMON-LAW INTRUSION UPON SECLUSION

94.    Plaintiff "Jane Doe 2" repeats and realleges paragraphs 1 through 43 and paragraphs 75 through 93.

95.    In addition to the federal crimes listed above, the Defendant invaded the privacy of "Jane Doe 2" through the conduct for which he plead guilty.

96.    Under Illinois common-law, the elements required to prove invasion of privacy based on intrusion upon seclusion are: (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is highly offensive or objectionable to a reasonable person; (3) that the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering. *Jacobson v. CBS Broad., Inc*., 2014 IL App (1st) 132480, ¶ 47.

97.    Defendant's conduct for which he pled guilty, namely by recording and then taking photographic stills of "Jane Doe 2," denoted Jane Doe 2 Images above, without her consent, as a minor, and while in the nude to tan in the bed in Defendant's residence, constitutes an unauthorized intrusion into the seclusion of "Jane Doe 2."

98.    The taking of these recordings and photographs was highly offensive and objectionable to a reasonable person as they were recorded without their knowledge while in the nude, but even more so for "Jane Doe 2" as she was a minor at the time of this conduct.

99.    "Jane Doe 2" was recorded while in the nude to tan in the tanning bed in Defendant's home. The act of undressing to tan is inherently private, as is undressing in general. This is only compounded by the fact that "Jane Doe 2" was a minor at the time, increasing the privacy that should have been afforded to her that was violated by Defendant.

18

100.    As a direct and proximate result of the intrusion of seclusion by Defendant, "Jane Doe 2" has endured and continues to endure permanent and severe emotional distress, embarrassment, anguish and suffering due to the conduct of the Defendant.

101.    These facts demonstrate an intrusion of the seclusion of "Jane Doe 2" by Defendant's criminal actions. "Jane Doe 2" is entitled to relief for such a violation.

102.    Punitive damages may be awarded when the defendant's tortious conduct evinces a high degree of moral culpability. Indeed, "punitive damages may be awarded when torts are committed with 'fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.'" *Lawlor v. N. Am. Corp. of Illinois*, 409 Ill. App. 3d 149, 166 (1st Dist. 2011).

103.    Defendant's conduct as described above was extreme and outrageous and constitutes actual malice as well as a wanton disregard for the rights of others. As such, punitive damages are a proper remedy for Defendant's conduct.

WHEREFORE, "Jane Doe 2" requests judgment against Defendant as follows:

a.    Compensatory damages exceeding $50,000.00;

b.    Pre-judgment and post-judgment interest;

c.    Punitive damages in an amount to be determined by the fact-finder; and

d.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

"Jane Doe 2" hereby demands a trial by jury on all counts and issues so triable.

19

**COUNT 5 AS TO "JANE DOE 3"**
**18 U.S.C. § 2255(a)**

104. Plaintiff "Jane Doe 3" repeats and realleges paragraphs 1 through 43.

105. Defendant invited "Jane Doe 3" to use a tanning bed at his home in Toulon at a time when Defendant knew "Jane Doe 3" was a minor.

106. "Jane Doe 3" utilized and used Defendant's tanning bed located at Defendant's home at 105 E. Clinton Street, Toulon, Stark County, Illinois from 2010 to 2012 while "Jane Doe 3" was under age eighteen.

107. "Jane Doe 3" disrobed and became totally naked while utilizing and using Defendant's tanning bed.

108. Defendant's Child Pornography of "Jane Doe 3" depicts "Jane Doe 3" in or near Defendant's tanning bed.

109. "Jane Doe 3" identified herself to Special Agent McFall on or about February 9, 2022 as being a person depicted in the tanning bed area of the Defendant's house in full-body, nude with her genitals directly exposed, in images found in the zip folder from Defendant's iPhone and the MicroSD card (the "Jane Doe 3 Images").

110. Defendant produced these Jane Doe 3 Images. 18 U.S.C. §§ 2251(a) and 2256(3).

111. Defendant continued to possess these Jane Doe 3 Images as of January 19, 2022. 18 U.S.C. § 2252A(a)(5)(B).

112. Defendant bartered and traded Defendant's Child Pornography of "Jane Doe 3" and other minors, resulting in the distribution of the images in exchange for the receipt of other illegal content. 18 U.S.C. § 2252A(a)(2)(A).

113. Defendant pled guilty to the predicate federal Child Pornography crimes of Sexual Exploitation of Children and Production of Child Pornography in violation of 18 U.S.C. § 2251(a),

20

Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and Possession of Material Containing Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

114.    Defendant's conduct constitutes the production, distribution, and possession of Child Pornography as defined by 18 U.S.C. §§ 2256(3) and (8) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

115.    The Jane Doe 3 Images visually depict sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A)(v) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

116.    "Jane Doe 3," at all times when Child Pornography of Jane Doe 3 was produced, was a minor as defined by 18 U.S.C. § 2256(1).

117.    "Jane Doe 3" is a victim of Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B).

118.    Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B) trigger the relief offered under 18 U.S.C. § 2255(a) for civil remedies in favor "Jane Doe 3."

119.    In *Paroline v. United States*, 572 U.S. 464, 134 S.Ct. 1710 (2014), *Osborne v. Ohio*, 494 U.S. 103, 110 S.Ct. 1691 (1990), and *New York v. Ferber*, 458 U.S. 757. 102 S.Ct. 3348 (1982), the United States Supreme Court has held that victims of child pornography crimes suffer de facto personal injury. "Jane Doe 3" is such a victim and therefore as a matter of law has suffered personal injury as a result of Defendant's federal child pornography crimes as defined in 18 U.S.C. § 2256(8).

120.    "Jane Doe 3" elects liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, and such other relief as the Court deems appropriate.

121.    *Midwest Sanitary Service, Inc. v. Sandberg, Phoenix & Von Gontard, P.C.*, 2022 IL 127327, states at ¶26: "Black's Law Dictionary defines 'punitive damages' or 'exemplary damages' as 'damages on an increased scale, awarded to the plaintiff over and above what will barely compensate him for his property loss, where the wrong done to him was aggravated by circumstances of violence, oppression, malice, fraud, or wanton and wicked conduct on the part of the defendant, and are intended to solace the plaintiff for mental anguish, laceration of his feelings, shame, degradation, or other aggravations of the original wrong, or else to punish the defendant for his evil behavior or to make an example of him.' Black's Law Dictionary 352 (5th ed. 1979)."

122.    "Jane Doe 3" is such a plaintiff, and Defendant is such a defendant, as described and "Jane Doe 3" is therefore entitled to punitive damages in an amount to be determined by the fact-finder. 18 U.S.C. § 2255(a).

123.    "Jane Doe 3" is not seeking "actual damages" under 18 U.S.C. § 2255.

WHEREFORE, "Jane Doe 3" requests judgment against Defendant as follows:

a.    Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

b.    Punitive damages in an amount to be determined by the fact-finder pursuant to 18 U.S.C. § 2255(a);

c.    Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a); and

d.    Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

"Jane Doe 3" hereby demands a trial by jury on all counts and issues so triable.

**COUNT 6 AS TO "JANE DOE 3"**
**COMMON-LAW INTRUSION UPON SECLUSION**

124. Plaintiff "Jane Doe 3" repeats and realleges paragraphs1 through 43 and paragraphs 105 through 123.

125. In addition to the federal crimes listed above, the Defendant invaded the privacy of "Jane Doe 3" through the conduct for which he plead guilty.

126. Under Illinois common-law, the elements required to prove invasion of privacy based on intrusion upon seclusion are: (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is highly offensive or objectionable to a reasonable person; (3) that the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering. *Jacobson v. CBS Broad., Inc*., 2014 IL App (1st) 132480, ¶ 47.

127. Defendant's conduct for which he pled guilty, namely by recording and then taking photographic stills of "Jane Doe 3," denoted Jane Doe 3 Images above, without her consent, as a minor, and while in the nude to tan in the bed in Defendant's residence, constitutes an unauthorized intrusion into the seclusion of "Jane Doe 3."

128. The taking of these recordings and photographs was highly offensive and objectionable to a reasonable person as they were recorded without their knowledge while in the nude, but even more so for "Jane Doe 3" as she was a minor at the time of this conduct.

129. "Jane Doe 3" was recorded while in the nude to tan in the tanning bed in Defendant's home. The act of undressing to tan is inherently private, as is undressing in general. This is only compounded by the fact that "Jane Doe 3" was a minor at the time, increasing the privacy that should have been afforded to her that was violated by Defendant.

23

130. As a direct and proximate result of the intrusion of seclusion by Defendant, "Jane Doe 3" has endured and continues to endure permanent and severe emotional distress, embarrassment, anguish and suffering due to the conduct of the Defendant.

131. These facts demonstrate an intrusion of the seclusion of "Jane Doe 3" by Defendant's criminal actions. "Jane Doe 3" is entitled to relief for such a violation.

132. Punitive damages may be awarded when the defendant's tortious conduct evinces a high degree of moral culpability. Indeed, "punitive damages may be awarded when torts are committed with 'fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.'" *Lawlor v. N. Am. Corp. of Illinois*, 409 Ill. App. 3d 149, 166 (1st Dist. 2011).

133. Defendant's conduct as described above was extreme and outrageous and constitutes actual malice as well as a wanton disregard for the rights of others. As such, punitive damages are a proper remedy for Defendant's conduct.

WHEREFORE, "Jane Doe 3" requests judgment against Defendant as follows:

a. Compensatory damages exceeding $50,000.00;

b. Pre-judgment and post-judgment interest;

c. Punitive damages in an amount to be determined by the fact-finder; and

d. Such other and further relief as the Court deems just and proper.

### JURY DEMAND

"Jane Doe 3" hereby demands a trial by jury on all counts and issues so triable.

## COUNT 7 AS TO "JANE DOE 4"
### 18 U.S.C. § 2255(a)

134.    Plaintiff "Jane Doe 4" repeats and realleges paragraphs 1 through 43.

135.    Defendant invited "Jane Doe 4" to use a tanning bed at his home in Toulon at a time when Defendant knew "Jane Doe 4" was a minor.

136.    "Jane Doe 4" utilized and used Defendant's tanning bed located at Defendant's home at 105 E. Clinton Street, Toulon, Stark County, Illinois from 2011-2013 while "Jane Doe 4" was under age eighteen.

137.    "Jane Doe 4" disrobed and became totally naked while utilizing and using Defendant's tanning bed.

138.    Defendant's Child Pornography of "Jane Doe 4" depicts "Jane Doe 4" in or near Defendant's tanning bed.

139.    "Jane Doe 4" identified herself to Special Agent McFall on or about March 4, 2022 as being a person depicted in the tanning bed area of the Defendant's house in full-body, nude with her genitals directly exposed, in images found in the zip folder from Defendant's iPhone and the MicroSD card (the "Jane Doe 4 Images").

140.    Defendant produced these Jane Doe 4 Images. 18 U.S.C. §§ 2251(a) and 2256(3).

141.    Defendant continued to possess these Jane Doe 4 Images as of January 19, 2022. 18 U.S.C. § 2252A(a)(5)(B).

142.    Defendant bartered and traded Defendant's Child Pornography of "Jane Doe 4" and other minors, resulting in the distribution of the images in exchange for the receipt of other illegal content. 18 U.S.C. § 2252A(a)(2)(A).

143.    Defendant pled guilty to the predicate federal Child Pornography crimes of Sexual Exploitation of Children and Production of Child Pornography in violation of 18 U.S.C. § 2251(a),

Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and Possession of Material Containing Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

144.   Defendant's conduct constitutes the production, distribution, and possession of Child Pornography as defined by 18 U.S.C. §§ 2256(3) and (8) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

145.   The Jane Doe 4 Images visually depict sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A)(v) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

146.   "Jane Doe 4," at all times when Child Pornography of Jane Doe 4 was produced, was a minor as defined by 18 U.S.C. § 2256(1).

147.   "Jane Doe 4" is a victim of Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B).

148.   Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B) trigger the relief offered under 18 U.S.C. § 2255(a) for civil remedies in favor "Jane Doe 4."

149.   In *Paroline v. United* States, 572 U.S. 464, 134 S.Ct. 1710 (2014), *Osborne v. Ohio*, 494 U.S. 103, 110 S.Ct. 1691 (1990), and *New York v. Ferber*, 458 U.S. 757. 102 S.Ct. 3348 (1982), the United States Supreme Court has held that victims of child pornography crimes suffer de facto personal injury. "Jane Doe 4" is such a victim and therefore as a matter of law has suffered personal injury as a result of Defendant's federal child pornography crimes as defined in 18 U.S.C. § 2256(8).

150.    "Jane Doe 4" elects liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, and such other relief as the Court deems appropriate.

151.    *Midwest Sanitary Service, Inc. v. Sandberg, Phoenix & Von Gontard, P.C.*, 2022 IL 127327, states at ¶26: "Black's Law Dictionary defines 'punitive damages' or 'exemplary damages' as 'damages on an increased scale, awarded to the plaintiff over and above what will barely compensate him for his property loss, where the wrong done to him was aggravated by circumstances of violence, oppression, malice, fraud, or wanton and wicked conduct on the part of the defendant, and are intended to solace the plaintiff for mental anguish, laceration of his feelings, shame, degradation, or other aggravations of the original wrong, or else to punish the defendant for his evil behavior or to make an example of him.' Black's Law Dictionary 352 (5th ed. 1979)."

152.    "Jane Doe 4" is such a plaintiff, and Defendant is such a defendant, as described and "Jane Doe 4" is therefore entitled to punitive damages in an amount to be determined by the fact-finder. 18 U.S.C. § 2255(a).

153.    "Jane Doe 4" is not seeking "actual damages" under 18 U.S.C. § 2255.

WHEREFORE, "Jane Doe 4" requests judgment against Defendant as follows:

a.    Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

b.    Punitive damages in an amount to be determined by the fact-finder pursuant to 18 U.S.C. § 2255(a);

c.    Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a); and

d.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

"Jane Doe 4" hereby demands a trial by jury on all counts and issues so triable.

**COUNT 8 AS TO "JANE DOE 4"**
**COMMON-LAW INTRUSION UPON SECLUSION**

154.   Plaintiff "Jane Doe 4" repeats and realleges paragraphs1 through 43 and paragraphs 135 through 153.

155.   In addition to the federal crimes listed above, the Defendant invaded the privacy of "Jane Doe 4" through the conduct for which he plead guilty.

156.   Under Illinois common-law, the elements required to prove invasion of privacy based on intrusion upon seclusion are: (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is highly offensive or objectionable to a reasonable person; (3) that the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering. *Jacobson v. CBS Broad., Inc.*, 2014 IL App (1st) 132480, ¶ 47.

157.   Defendant's conduct for which he pled guilty, namely by recording and then taking photographic stills of "Jane Doe 4," denoted Jane Doe 4 Images above, without her consent, as a minor, and while in the nude to tan in the bed in Defendant's residence, constitutes an unauthorized intrusion into the seclusion of "Jane Doe 4."

158.   The taking of these recordings and photographs was highly offensive and objectionable to a reasonable person as they were recorded without their knowledge while in the nude, but even more so for "Jane Doe 4" as she was a minor at the time of this conduct.

159.   "Jane Doe 4" was recorded while in the nude to tan in the tanning bed in Defendant's home. The act of undressing to tan is inherently private, as is undressing in general. This is only compounded by the fact that "Jane Doe 4" was a minor at the time, increasing the privacy that should have been afforded to her that was violated by Defendant.

160. As a direct and proximate result of the intrusion of seclusion by Defendant, "Jane Doe 4" has endured and continues to endure permanent and severe emotional distress, embarrassment, anguish and suffering due to the conduct of the Defendant.

161. These facts demonstrate an intrusion of the seclusion of "Jane Doe 4" by Defendant's criminal actions. "Jane Doe 4" is entitled to relief for such a violation.

162. Punitive damages may be awarded when the defendant's tortious conduct evinces a high degree of moral culpability. Indeed, "punitive damages may be awarded when torts are committed with 'fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.'" *Lawlor v. N. Am. Corp. of Illinois*, 409 Ill. App. 3d 149, 166 (1st Dist. 2011).

163. Defendant's conduct as described above was extreme and outrageous and constitutes actual malice as well as a wanton disregard for the rights of others. As such, punitive damages are a proper remedy for Defendant's conduct.

WHEREFORE, "Jane Doe 4" requests judgment against Defendant as follows:

a.      Compensatory damages exceeding $50,000.00;

b.      Pre-judgment and post-judgment interest;

c.      Punitive damages in an amount to be determined by the fact-finder; and

d.      Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

"Jane Doe 4" hereby demands a trial by jury on all counts and issues so triable.

**COUNT 9 AS TO "JANE DOE 5"**
**18 U.S.C. § 2255(a)**

164.    Plaintiff "Jane Doe 5" repeats and realleges paragraphs 1 through 43.

165.    Defendant invited "Jane Doe 5" to use a tanning bed at his home in Toulon at a time when Defendant knew "Jane Doe 5" was a minor.

166.    "Jane Doe 5" utilized and used Defendant's tanning bed located at Defendant's home at 105 E. Clinton Street, Toulon, Stark County, Illinois from 2012 to 2016 while "Jane Doe 5" was under age eighteen.

167.    "Jane Doe 5" disrobed and became totally naked while utilizing and using Defendant's tanning bed.

168.    Defendant's Child Pornography of "Jane Doe 5" depicts "Jane Doe 5" in or near Defendant's tanning bed.

169.    "Jane Doe 5" identified herself to Special Agent McFall on or about March 5, 2022 as being a person depicted in the tanning bed area of the Defendant's house in full-body, nude with her genitals directly exposed, in images found in the zip folder from Defendant's iPhone and the MicroSD card (the "Jane Doe 5 Images").

170.    Defendant produced these Jane Doe 5 Images. 18 U.S.C. §§ 2251(a) and 2256(3).

171.    Defendant continued to possess these Jane Doe 5 Images as of January 19, 2022. 18 U.S.C. § 2252A(a)(5)(B).

172.    Defendant bartered and traded Defendant's Child Pornography of "Jane Doe 5" and other minors, resulting in the distribution of the images in exchange for the receipt of other illegal content. 18 U.S.C. § 2252A(a)(2)(A).

173.    Defendant pled guilty to the predicate federal Child Pornography crimes of Sexual Exploitation of Children and Production of Child Pornography in violation of 18 U.S.C. § 2251(a),

30

Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and Possession of Material Containing Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

174. Defendant's conduct constitutes the production, distribution, and possession of Child Pornography as defined by 18 U.S.C. §§ 2256(3) and (8) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

175. The Jane Doe 5 Images visually depict sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A)(v) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

176. "Jane Doe 5," at all times when Child Pornography of Jane Doe 5 was produced, was a minor as defined by 18 U.S.C. § 2256(1).

177. "Jane Doe 5" is a victim of Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B).

178. Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B) trigger the relief offered under 18 U.S.C. § 2255(a) for civil remedies in favor "Jane Doe 5."

179. In *Paroline v. United States*, 572 U.S. 464, 134 S.Ct. 1710 (2014), *Osborne v. Ohio*, 494 U.S. 103, 110 S.Ct. 1691 (1990), and *New York v. Ferber*, 458 U.S. 757. 102 S.Ct. 3348 (1982), the United States Supreme Court has held that victims of child pornography crimes suffer de facto personal injury. "Jane Doe 5" is such a victim and therefore as a matter of law has suffered personal injury as a result of Defendant's federal child pornography crimes as defined in 18 U.S.C. § 2256(8).

180.     "Jane Doe 5" elects liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, and such other relief as the Court deems appropriate.

181.     *Midwest Sanitary Service, Inc. v. Sandberg, Phoenix & Von Gontard, P.C.*, 2022 IL 127327, states at ¶26: "Black's Law Dictionary defines 'punitive damages' or 'exemplary damages' as 'damages on an increased scale, awarded to the plaintiff over and above what will barely compensate him for his property loss, where the wrong done to him was aggravated by circumstances of violence, oppression, malice, fraud, or wanton and wicked conduct on the part of the defendant, and are intended to solace the plaintiff for mental anguish, laceration of his feelings, shame, degradation, or other aggravations of the original wrong, or else to punish the defendant for his evil behavior or to make an example of him.' Black's Law Dictionary 352 (5th ed. 1979)."

182.     "Jane Doe 5" is such a plaintiff, and Defendant is such a defendant, as described and "Jane Doe 5" is therefore entitled to punitive damages in an amount to be determined by the fact-finder. 18 U.S.C. § 2255(a).

183.     "Jane Doe 5" is not seeking "actual damages" under 18 U.S.C. § 2255.

WHEREFORE, "Jane Doe 5" requests judgment against Defendant as follows:

a.     Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

b.     Punitive damages in an amount to be determined by the fact-finder pursuant to 18 U.S.C. § 2255(a);

c.     Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a); and

d.     Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

"Jane Doe 5" hereby demands a trial by jury on all counts and issues so triable.

## COUNT 10 AS TO "JANE DOE 5"
## COMMON-LAW INTRUSION UPON SECLUSION

184.    Plaintiff "Jane Doe 5" repeats and realleges paragraphs 1 through 43 and paragraphs 165 through 183.

185.    In addition to the federal crimes listed above, the Defendant invaded the privacy of "Jane Doe 5" through the conduct for which he plead guilty.

186.    Under Illinois common-law, the elements required to prove invasion of privacy based on intrusion upon seclusion are: (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is highly offensive or objectionable to a reasonable person; (3) that the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering. *Jacobson v. CBS Broad., Inc.*, 2014 IL App (1st) 132480, ¶ 47.

187.    Defendant's conduct for which he pled guilty, namely by recording and then taking photographic stills of "Jane Doe 5," denoted Jane Doe 5 Images above, without her consent, as a minor, and while in the nude to tan in the bed in Defendant's residence, constitutes an unauthorized intrusion into the seclusion of "Jane Doe 5."

188.    The taking of these recordings and photographs was highly offensive and objectionable to a reasonable person as they were recorded without their knowledge while in the nude, but even more so for "Jane Doe 5" as she was a minor at the time of this conduct.

189.    "Jane Doe 5" was recorded while in the nude to tan in the tanning bed in Defendant's home. The act of undressing to tan is inherently private, as is undressing in general. This is only compounded by the fact that "Jane Doe 5" was a minor at the time, increasing the privacy that should have been afforded to her that was violated by Defendant.

33

190. As a direct and proximate result of the intrusion of seclusion by Defendant, "Jane Doe 5" has endured and continues to endure permanent and severe emotional distress, embarrassment, anguish and suffering due to the conduct of the Defendant.

191. These facts demonstrate an intrusion of the seclusion of "Jane Doe 5" by Defendant's criminal actions. "Jane Doe 5" is entitled to relief for such a violation.

192. Punitive damages may be awarded when the defendant's tortious conduct evinces a high degree of moral culpability. Indeed, "punitive damages may be awarded when torts are committed with 'fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.'" *Lawlor v. N. Am. Corp. of Illinois*, 409 Ill. App. 3d 149, 166 (1st Dist. 2011).

193. Defendant's conduct as described above was extreme and outrageous and constitutes actual malice as well as a wanton disregard for the rights of others. As such, punitive damages are a proper remedy for Defendant's conduct.

WHEREFORE, "Jane Doe 5" requests judgment against Defendant as follows:

a.    Compensatory damages exceeding $50,000.00;

b.    Pre-judgment and post-judgment interest;

c.    Punitive damages in an amount to be determined by the fact-finder; and

d.    Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

"Jane Doe 5" hereby demands a trial by jury on all counts and issues so triable.

**COUNT 11 AS TO "JANE DOE 6"**
**18  U.S.C. § 2255(a)**

194.    Plaintiff "Jane Doe 6" repeats and realleges paragraphs 1 through 43.

195.    Defendant invited "Jane Doe 6" to use a tanning bed at his home in Toulon at a time when Defendant knew "Jane Doe 6" was a minor.

196.    "Jane Doe 6" utilized and used Defendant's tanning bed located at Defendant's home at 105 E. Clinton Street, Toulon, Stark County, Illinois from 2010 to 2011 while "Jane Doe 6" was under age eighteen.

197.    "Jane Doe 6" disrobed and became totally naked while utilizing and using Defendant's tanning bed.

198.    Defendant's Child Pornography of "Jane Doe 6" depicts "Jane Doe 6" in or near Defendant's tanning bed.

199.    "Jane Doe 6" identified herself to Special Agent McFall on or about February 18, 2022 as being a person depicted in the tanning bed area of the Defendant's house in full-body, nude with her genitals directly exposed, in images found in the zip folder from Defendant's iPhone and the MicroSD card (the "Jane Doe 6 Images").

200.    Defendant produced these Jane Doe 6 Images. 18 U.S.C. §§ 2251(a) and 2256(3).

201.    Defendant continued to possess these Jane Doe 6 Images as of January 19, 2022. 18 U.S.C. § 2252A(a)(5)(B).

202.    Defendant bartered and traded Defendant's Child Pornography of "Jane Doe 6" and other minors, resulting in the distribution of the images in exchange for the receipt of other illegal content. 18 U.S.C. § 2252A(a)(2)(A).

203.    Defendant pled guilty to the predicate federal Child Pornography crimes of Sexual Exploitation of Children and Production of Child Pornography in violation of 18 U.S.C. § 2251(a),

Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and Possession of Material Containing Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

204. Defendant's conduct constitutes the, distribution, and possession of Child Pornography as defined by 18 U.S.C. §§ 2256(3) and (8) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

205. The Jane Doe 6 Images visually depict sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A)(v) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

206. "Jane Doe 6," at all times when Child Pornography of Jane Doe 6 was produced, was a minor as defined by 18 U.S.C. § 2256(1).

207. "Jane Doe 6" is a victim of Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B).

208. Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B) trigger the relief offered under 18 U.S.C. § 2255(a) for civil remedies in favor "Jane Doe 6."

209. In *Paroline v. United States*, 572 U.S. 464, 134 S.Ct. 1710 (2014), *Osborne v. Ohio*, 494 U.S. 103, 110 S.Ct. 1691 (1990), and *New York v. Ferber*, 458 U.S. 757. 102 S.Ct. 3348 (1982), the United States Supreme Court has held that victims of child pornography crimes suffer de facto personal injury. "Jane Doe 6" is such a victim and therefore as a matter of law has suffered personal injury as a result of Defendant's federal child pornography crimes as defined in 18 U.S.C. § 2256(8).

210.    "Jane Doe 6" elects liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, and such other relief as the Court deems appropriate.

211.    *Midwest Sanitary Service, Inc. v. Sandberg, Phoenix & Von Gontard, P.C.*, 2022 IL 127327, states at ¶26: "Black's Law Dictionary defines 'punitive damages' or 'exemplary damages' as 'damages on an increased scale, awarded to the plaintiff over and above what will barely compensate him for his property loss, where the wrong done to him was aggravated by circumstances of violence, oppression, malice, fraud, or wanton and wicked conduct on the part of the defendant, and are intended to solace the plaintiff for mental anguish, laceration of his feelings, shame, degradation, or other aggravations of the original wrong, or else to punish the defendant for his evil behavior or to make an example of him.' Black's Law Dictionary 352 (5th ed. 1979)."

212.    "Jane Doe 6" is such a plaintiff, and Defendant is such a defendant, as described and "Jane Doe 6" is therefore entitled to punitive damages in an amount to be determined by the fact-finder. 18 U.S.C. § 2255(a).

213.    "Jane Doe 6" is not seeking "actual damages" under 18 U.S.C. § 2255.

WHEREFORE, "Jane Doe 6" requests judgment against Defendant as follows:

a.    Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

b.    Punitive damages in an amount to be determined by the fact-finder pursuant to 18 U.S.C. § 2255(a);

c.    Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a); and

d.    Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

"Jane Doe 6" hereby demands a trial by jury on all counts and issues so triable.

37

## COUNT 12 AS TO "JANE DOE 6"
## COMMON-LAW INTRUSION UPON SECLUSION

214.    Plaintiff "Jane Doe 6" repeats and realleges paragraphs 1 through 43 and paragraphs 195 through 213.

215.    In addition to the federal crimes listed above, the Defendant invaded the privacy of "Jane Doe 6" through the conduct for which he plead guilty.

216.    Under Illinois common-law, the elements required to prove invasion of privacy based on intrusion upon seclusion are: (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is highly offensive or objectionable to a reasonable person; (3) that the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering. *Jacobson v. CBS Broad., Inc.*, 2014 IL App (1st) 132480, ¶ 47.

217.    Defendant's conduct for which he pled guilty, namely by recording and then taking photographic stills of "Jane Doe 6," denoted Jane Doe 6 Images above, without her consent, as a minor, and while in the nude to tan in the bed in Defendant's residence, constitutes an unauthorized intrusion into the seclusion of "Jane Doe 6."

218.    The taking of these recordings and photographs was highly offensive and objectionable to a reasonable person as they were recorded without their knowledge while in the nude, but even more so for "Jane Doe 6" as she was a minor at the time of this conduct.

219.    "Jane Doe 6" was recorded while in the nude to tan in the tanning bed in Defendant's home. The act of undressing to tan is inherently private, as is undressing in general. This is only compounded by the fact that "Jane Doe 6" was a minor at the time, increasing the privacy that should have been afforded to her that was violated by Defendant.

38

220.    As a direct and proximate result of the intrusion of seclusion by Defendant, "Jane Doe 6" has endured and continues to endure permanent and severe emotional distress, embarrassment, anguish and suffering due to the conduct of the Defendant.

221.    These facts demonstrate an intrusion of the seclusion of "Jane Doe 6" by Defendant's criminal actions. "Jane Doe 6" is entitled to relief for such a violation.

222.    Punitive damages may be awarded when the defendant's tortious conduct evinces a high degree of moral culpability. Indeed, "punitive damages may be awarded when torts are committed with 'fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.'" *Lawlor v. N. Am. Corp. of Illinois*, 409 Ill. App. 3d 149, 166 (1st Dist. 2011).

223.    Defendant's conduct as described above was extreme and outrageous and constitutes actual malice as well as a wanton disregard for the rights of others. As such, punitive damages are a proper remedy for Defendant's conduct.

WHEREFORE, "Jane Doe 6" requests judgment against Defendant as follows:

a.    Compensatory damages exceeding $50,000.00;

b.    Pre-judgment and post-judgment interest;

c.    Punitive damages in an amount to be determined by the fact-finder; and

d.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

"Jane Doe 6" hereby demands a trial by jury on all counts and issues so triable.

**COUNT 13 AS TO "JANE DOE 7"**
**18  U.S.C. § 2255(a)**

224.    Plaintiff "Jane Doe 7" repeats and realleges paragraphs 1 through 43.

225.    Defendant invited "Jane Doe 7" to use a tanning bed at his home in Toulon at a time when Defendant knew "Jane Doe 7" was a minor.

226.    "Jane Doe 7" utilized and used Defendant's tanning bed located at Defendant's home at 105 E. Clinton Street, Toulon, Stark County, Illinois from 2011 to 2012 while "Jane Doe 7" was under age eighteen.

227.    "Jane Doe 7" disrobed and became totally naked while utilizing and using Defendant's tanning bed.

228.    Defendant's Child Pornography of "Jane Doe 7" depicts "Jane Doe 7" in or near Defendant's tanning bed.

229.    "Jane Doe 7" identified herself to Special Agent McFall in or about March, 2022 as being a person depicted in the tanning bed area of the Defendant's house in full-body, nude with her genitals directly exposed, in images found in the zip folder from Defendant's iPhone and the MicroSD card (the "Jane Doe 7 Images").

230.    Defendant produced these Jane Doe 7 Images. 18 U.S.C. §§ 2251(a) and 2256(3).

231.    Defendant continued to possess these Jane Doe 7 Images as of January 19, 2022. 18 U.S.C. § 2252A(a)(5)(B).

232.    Defendant bartered and traded Defendant's Child Pornography of "Jane Doe 7" and other minors, resulting in the distribution of the images in exchange for the receipt of other illegal content. 18 U.S.C. § 2252A(a)(2)(A).

233.    Defendant pled guilty to the predicate federal Child Pornography crimes of Sexual Exploitation of Children and Production of Child Pornography in violation of 18 U.S.C. § 2251(a),

Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and Possession of Material Containing Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

234.    Defendant's conduct constitutes the production, distribution, and possession of Child Pornography as defined by 18 U.S.C. §§ 2256(3) and (8) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

235.    The Jane Doe 7 Images visually depict sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A)(v) in violation of 18 U.S.C. §§ 2251(a) and (e), 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

236.    "Jane Doe 7," at all times when Child Pornography of Jane Doe 7 was produced, was a minor as defined by 18 U.S.C. § 2256(1).

237.    "Jane Doe 7" is a victim of Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B).

238.    Defendant's violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(a)(5)(B) trigger the relief offered under 18 U.S.C. § 2255(a) for civil remedies in favor "Jane Doe 7."

239.    In *Paroline v. United States*, 572 U.S. 464, 134 S.Ct. 1710 (2014), *Osborne v. Ohio*, 494 U.S. 103, 110 S.Ct. 1691 (1990), and *New York v. Ferber*, 458 U.S. 757. 102 S.Ct. 3348 (1982), the United States Supreme Court has held that victims of child pornography crimes suffer de facto personal injury. "Jane Doe 7" is such a victim and therefore as a matter of law has suffered personal injury as a result of Defendant's federal child pornography crimes as defined in 18 U.S.C. § 2256(8).

240.    "Jane Doe 7" elects liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, and such other relief as the Court deems appropriate.

241.    *Midwest Sanitary Service, Inc. v. Sandberg, Phoenix & Von Gontard, P.C.*, 2022 IL 127327, states at ¶26: "Black's Law Dictionary defines 'punitive damages' or 'exemplary damages' as 'damages on an increased scale, awarded to the plaintiff over and above what will barely compensate him for his property loss, where the wrong done to him was aggravated by circumstances of violence, oppression, malice, fraud, or wanton and wicked conduct on the part of the defendant, and are intended to solace the plaintiff for mental anguish, laceration of his feelings, shame, degradation, or other aggravations of the original wrong, or else to punish the defendant for his evil behavior or to make an example of him.' Black's Law Dictionary 352 (5th ed. 1979)."

242.    "Jane Doe 7" is such a plaintiff, and Defendant is such a defendant, as described and "Jane Doe 7" is therefore entitled to punitive damages in an amount to be determined by the fact-finder. 18 U.S.C. § 2255(a).

243.    "Jane Doe 7" is not seeking "actual damages" under 18 U.S.C. § 2255.

WHEREFORE, "Jane Doe 7" requests judgment against Defendant as follows:

a.    Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

b.    Punitive damages in an amount to be determined by the fact-finder pursuant to 18 U.S.C. § 2255(a);

c.    Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a); and

d.    Such other and further relief as the Court deems just and proper.

### **JURY DEMAND**

"Jane Doe 7" hereby demands a trial by jury on all counts and issues so triable.

## COUNT 14 AS TO "JANE DOE 7"
### COMMON-LAW INTRUSION UPON SECLUSION

244. Plaintiff "Jane Doe 7" repeats and realleges paragraphs 1 through 43 and paragraphs 225 through 243.

245. In addition to the federal crimes listed above, the Defendant invaded the privacy of "Jane Doe 7" through the conduct for which he plead guilty.

246. Under Illinois common-law, the elements required to prove invasion of privacy based on intrusion upon seclusion are: (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is highly offensive or objectionable to a reasonable person; (3) that the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering. *Jacobson v. CBS Broad., Inc*., 2014 IL App (1st) 132480, ¶ 47.

247. Defendant's conduct for which he pled guilty, namely by recording and then taking photographic stills of "Jane Doe 7," denoted Jane Doe 7 Images above, without her consent, as a minor, and while in the nude to tan in the bed in Defendant's residence, constitutes an unauthorized intrusion into the seclusion of "Jane Doe 7."

248. The taking of these recordings and photographs was highly offensive and objectionable to a reasonable person as they were recorded without their knowledge while in the nude, but even more so for "Jane Doe 7" as she was a minor at the time of this conduct.

249. "Jane Doe 7" was recorded while in the nude to tan in the tanning bed in Defendant's home. The act of undressing to tan is inherently private, as is undressing in general. This is only compounded by the fact that "Jane Doe 7" was a minor at the time, increasing the privacy that should have been afforded to her that was violated by Defendant.

43

250.    As a direct and proximate result of the intrusion of seclusion by Defendant, "Jane Doe 7" has endured and continues to endure permanent and severe emotional distress, embarrassment, anguish and suffering due to the conduct of the Defendant.

251.    These facts demonstrate an intrusion of the seclusion of "Jane Doe 7" by Defendant's criminal actions. "Jane Doe 7" is entitled to relief for such a violation.

252.    Punitive damages may be awarded when the defendant's tortious conduct evinces a high degree of moral culpability. Indeed, "punitive damages may be awarded when torts are committed with 'fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.'" *Lawlor v. N. Am. Corp. of Illinois*, 409 Ill. App. 3d 149, 166 (1st Dist. 2011).

253.    Defendant's conduct as described above was extreme and outrageous and constitutes actual malice as well as a wanton disregard for the rights of others. As such, punitive damages are a proper remedy for Defendant's conduct.

WHEREFORE, "Jane Doe 7" requests judgment against Defendant as follows:

a.    Compensatory damages exceeding $50,000.00;

b.    Pre-judgment and post-judgment interest;

c.    Punitive damages in an amount to be determined by the fact-finder; and

d.    Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

"Jane Doe 7" hereby demands a trial by jury on all counts and issues so triable.

## THE PLAINTIFFS' RIGHT TO PROCEED UNDER A PSEUDONYM

Filed at the same time as this Complaint, the Plaintiffs have moved for permission to proceed in this case using pseudonyms in accordance with applicable law.

Dated: February 1, 2023

HASSELBERG GREBE SNODGRASS
URBAN & WENTWORTH,
Attorneys for Plaintiffs

BY: /s/ David L. Wentworth II
David L. Wentworth II
One of Their Attorneys

David L. Wentworth II, ARDC #6217033 (Lead Counsel)
HASSELBERG GREBE SNODGRASS URBAN & WENTWORTH
401 Main Street, Suite 1400
Peoria, IL 61602
Tel: (309) 637-1400
Fax: (309) 637-1500
Email: dwentworth@hgsuw.com

Taylor D. Cascia, ARDC #6337626
HASSELBERG GREBE SNODGRASS URBAN & WENTWORTH
401 Main Street, Suite 1400
Peoria, IL 61602
Tel: (309) 637-1400
Fax: (309) 637-1500
Email: tcascia@hgsuw.com