UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

"JANE DOE 1," "JANE DOE 2,"  |
"JANE DOE 3," "JANE DOE 4,"  |
"JANE DOE 5," "JANE DOE 6,"  |
and "JANE DOE 7,"            |  Case No.: 1:23-cv-01035
    Plaintiffs,             |
  v.                       |  Jury Trial Demanded
JASON R. MUSSELMAN,          |
    Defendant.              |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiffs rely on current precedent in support of the Motion to Proceed Under Pseudonym. *Doe v. Cook County, Illinois*, 542 F. Supp. 3d 779, 784 (N.D. Ill. 2021); *Casseaopeia v. Brown*, No. 2:22-cv-00251 (U.S. Dist. Ct. Utah May 20, 2022)(slip opinion). Motion is filed under Federal Rule of Civil Procedure 10(a).

**Factual Background**

Each Plaintiff, now an adult, is a minor victim depicted in child pornography produced and distributed without their knowledge by a formerly trusted member of the tight-knit Stark County and Toulon communities. Defendant owned and resided in a single-family home located at 105 E. Clinton Street, Toulon, Stark County, Illinois and operated a tanning bed at his home. (Compl. ¶¶ 5-6.)  Defendant with malice aforethought installed camera devices in the tanning bed area of his house linked to computer systems with the intent to produce Child Pornography. (Compl. ¶24).

On August 1, 2021, a report was submitted to the National Center for Missing and Exploited Children regarding an incident of child sexual abuse material ("CSAM") being possessed or transmitted on a messaging service from in or near Toulon, Illinois from username "Jakkkel." Further investigation of the associated IP addresses connected the Defendant to the

incident. Execution of a search warrant on January 19, 2022 by Illinois State Police Special Agent Matt McFall led to the discovery of several digital items, including a 512 GB MicroSD card (the "MicroSD card") and Defendant's iPhone 11 Pro Max (device serial number FK1ZK0PKN70H with owner's name listed as Defendant)("Defendant's iPhone"). (Compl. ¶¶ 26-27.)

A forensic examination of Defendant's iPhone located a zip folder with approximately 226 digital images created on the device at 12:31:37 pm (UTC-6) on December 20, 2021, many depicting nude photos of individuals in or near a tanning bed. Defendant could also access these images from any electronic device via Google Drive. These images were also found on the MicroSD card, which was found concealed in Defendant's bedroom. Many of the images depicting individuals using the tanning bed were taken from a vantage point where the victims' legs are "splayed" such that their genitals are directly exposed and a focal point of the images. The forensic examination also located data associated with a Kik Messenger account with the username "Jakkkel." The data revealed that "Jakkkel" participated in a conversation with another user in which "Jakkkel" transmitted an image of a collage containing three individual images of the same female, one of which was her standing in the nude. (Compl. ¶¶ 29-32.)

Each Plaintiff identified herself to Special Agent McFall in February or March 2022 as being a person depicted in the tanning bed area of the Defendant's house in full-body, nude with her genitals directly exposed, in images found in the zip folder from Defendant's iPhone and the MicroSD card. Defendant produced these images between April 2010 and March 2013 and continued to possess these images as of day he was arrested on January 19, 2022. Defendant bartered and traded Defendant's Child Pornography of Plaintiffs and other minors, resulting in the distribution of the images in exchange for the receipt of other illegal content. (Compl. ¶¶ 49-52 for

Jane Doe 1; ¶¶ 79-82 for Jane Doe 2; ¶¶ 109-112 for Jane Doe 3; ¶¶ 139-142 for Jane Doe 4; ¶¶ 169-172 for Jane Doe 5; ¶¶ 199-202 for Jane Doe 6; and ¶¶ 229-232 for Jane Doe 7.)

### Law and Argument

Both the Seventh Circuit and the U.S. District Court for the Northern District of Illinois have expressed disfavor for the use of fictitious names. However, multiple cases in both courts have provided guidance for when the presumption against the use of fictitious names is rebutted. Indeed, the "ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Cook County, Illinois*, 542 F. Supp. 3d 779, 784 (N.D. Ill. 2021).

In the context of civil relief for child pornography brought under 18 U.S.C. § 2255, the court in *Casseaopeia v. Brown* from the United States District Court of Utah held that the plaintiffs were child victims of child pornography and were therefore entitled to anonymity in bringing civil actions against perpetrators of child pornography under 18 U.S.C. § 2255. *Casseaopeia v. Brown*, No. 2:22-cv-00251 (U.S. Dist. Ct. Utah May 20, 2022)(slip opinion).

The *Casseaopeia* case is instructive in the case at issue. The defendant in *Casseaopeia* pled guilty to and was sentenced on a charge of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). *Casseaopeia v. Brown*, No. 2:22-cv-00251 (U.S. Dist. Ct. Utah May 20, 2022)(slip opinion). Plaintiffs, some of whom were then adults, asserted that they had suffered injury as a result of the defendant's actions and were entitled to civil damages under 18 U.S.C. § 2255. *Id.* Plaintiffs brought the action under pseudonyms and sought the court's permission to proceed anonymously. *Id.*

In deciding whether to preserve anonymity, the court weighed whether exceptional circumstances were demonstrated sufficient to proceed under pseudonyms. *Casseaopeia v. Brown*, No. 2:22-cv-00251 (U.S. Dist. Ct. Utah May 20, 2022)(slip opinion). The court found that sexual abuse of a minor is a matter of a "highly sensitive and personal nature" such that it justified allowing plaintiff victims to proceed under pseudonyms. *Id*. Even where parties who were sexually abused as minors have reached the age of majority, the court found it appropriate to preserve their anonymity. *Id*. In weighing factors, the court found that (1) the public interest in open access to legal proceedings does not outweigh the plaintiffs' interest in anonymity where the use of the plaintiffs' actual identities could expose them to further harm, (2) the plaintiffs offered evidence showing they currently suffer psychological harm from the crimes related to their child sexual abuse material, (3) the plaintiffs identified potential future injuries if their identities are made public, citing to a case where other victims suffered from ongoing psychological injuries due to their knowledge that their child sexual abuse material continued to be viewed online, (4) the plaintiffs have shown risk of harm sufficient to justify proceeding under pseudonyms at this stage, and (5) there had been no showing defendant would be prejudiced by Plaintiffs' use of pseudonyms. *Id*.

The court granted the motion with the stipulation that plaintiffs file under seal a copy of the complaint containing the legal names of each plaintiff. *Casseaopeia v. Brown*, No. 2:22-cv-00251 (U.S. Dist. Ct. Utah May 20, 2022)(slip opinion).

Similar to the factors utilized in *Casseaopeia*, the Northern District of Illinois in *Doe v. Cook County, Illinois* court also provided a non-exhaustive list of factors utilized by courts for the determination of whether a movant may proceed under a pseudonym:

1. Whether the movant or others might suffer retaliatory physical or mental harm by the opposing party;
2. Whether the case involves a highly sensitive and personal matter or requires the disclosure of information of the utmost intimacy;
3. Whether the movant would suffer other harms, including harassment, ridicule, embarrassment, or some other adverse outcome if her identity was made public;
4. Whether the movant would suffer an adverse outcome attributable to a refusal to pursue the case at the price of being publicly identified;
5. Whether denying the motion would increase the likelihood that similarly situated plaintiffs would be chilled from bringing similar claims;
6. Whether there is a risk of prejudice to the opposing party;
7. Whether there is evidence of ulterior motives of the movant;
8. Whether the movant's identity has been disclosed to the public or kept confidential;
9. Whether there are alternative mechanisms to protect the confidentiality of the movant;
10. Whether the opposing party is a governmental entity or a private individual;
11. Whether the movant is a minor, or was a minor at the time of the conduct at issue;
12. Whether the disclosure of the movant's name would uncover the movant's admissions of illegal conduct in violation of her Fifth Amendment right against self-incrimination; and
13. Whether the nature of the issues presented are purely legal in nature.

*Doe v. Cook Cnty., Illinois*, 542 F. Supp. 3d 779 (N.D. Ill. 2021) at 784-85.

The *Casseaopeia* and *Doe* factors, when applied to the instant case, strongly favor anonymity.

The movant ultimately bears the burden of proof to show that some combination of these factors outweighs the ordinary presumption of judicial openness and thus justifies the overcoming of the presumption. *Id.* An analysis of these factors in the current case demonstrates that the factors outweigh the ordinary presumption such that the motion to proceed pseudonymously should be granted.

### A. Retaliatory Physical or Mental Harm by the Opposing Party

To demonstrate retaliatory harm, a plaintiff must generally provide evidence that psychological damage or violent threats are anticipated if a party's identity is disclosed. *Id.*

While there have not been specific threats of harm to Plaintiffs at this point, that is due to the fact that the names of Plaintiffs have not been revealed to the public. Because Defendant has already pled guilty to these crimes in this District, he is currently incarcerated. As such, though he himself may not necessarily pose a threat of harm to Plaintiffs should their names be revealed, he himself may not pose the only threat. Indeed, the events of this case occurred in a small town. The majority of the Plaintiffs still reside in or around the area, as do the parents and friends and family of Defendant. It is reasonable to assume that a filing of a case such as this, where the Plaintiffs' names are revealed in a tight-knit community may create retaliatory risks. As such, the revealing of the names of the Plaintiffs make each vulnerable to retaliation in the name of the Defendant from his associates, so this factor should weigh in favor of the granting of this Motion.

### B. Highly Sensitive and Personal Matters

In *Doe v. Cook County*, the court noted that "[t]he Seventh Circuit, which disfavors the use of fictitious names, has recognized that sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Id*. at 786, citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869 (7th Cir. 1997). However, the court stated that an allegation of sexual assault alone does not end the inquiry where the defendant is a prominent public figure. *Id*. at 786-87. Such is not the case with the present Defendant.

While there is no precedent in the Seventh Circuit as to victims of sexual exploitation as children, such offense traditionally is viewed as sexual assault. Indeed, such an offense is in fact of higher sensitivity and of a more personal matter because this offense occurred when each of the victims was a minor. *Casseaopeia v. Brown*, No. 2:22-cv-00251 (U.S. Dist. Ct. Utah May 20, 2022)(slip opinion). Courts have long held that the protection of minors from sexual exploitation is of paramount importance. *See*, e.g., *United States v. Fletcher*, 634 F.3d 395 at 403; *New York v.*

*Ferber*, 458 U.S. 747 at 758 & n. 9, 102 S.Ct. 3348; *United States v. Pugh*, 515 F.3d 1179, 1197–98 (11th Cir.2008); *United States v. Johnson*, 376 F.3d at 695. Therefore, not only is the conduct by Defendant in the present case of a highly sensitive and personal matter, but the additional fact that each of the Plaintiffs were minors at the time of the conduct, and Defendant had possession of the content for about a decade, amplifies the sensitivity of the matter. As such, this factor should weigh in favor of the granting of this Motion, and should hold more weight than others.

### C.  Harassment, Ridicule, Embarrassment, or Some Other Adverse Outcome

While the *Doe v. Cook County* case found this to be a neutral factor in the case present in *Doe*, the present facts are distinct. The *Doe* court recognized that victims of sexual assault often wish to keep their identities secret out of fear of embarrassment or social stigmatization. *Doe* at 787. Though those concerns alone are insufficient, if a movant shows that her specific circumstances demonstrate a risk of serious social stigmatization surpassing a general fear of embarrassment, courts may consider those circumstances in favor of granting the motion. *Id*.

Under the present facts, each of the Plaintiffs were sexually exploited as minors. This exploitation occurred within their small community over multiple years. A majority of the Plaintiffs still reside in the area in which these events occurred. As a result, the risk of serious stigmatization surpasses the general fear of embarrassment demonstrated in *Doe* and should be weighed in favor of granting this Motion.

### D.  Adverse Outcome Attributable to Refusal to Pursue Case

The *Doe* court was also neutral on this factor due to the fact that the plaintiff had not expressed an intention to discontinue this action if the court required that she disclosed her identity and it was unclear whether the voluntary dismissal of this action would deprive her of her only remedy. *Doe* at 787-788.

Due to the highly sensitive and personal nature of these claims, as well as the close proximity of the area in which these events occurred, it is likely that a majority of the present Plaintiffs would discontinue this action if the Court required the disclosure of their identities. Further, this action is a way to produce a remedy for these Plaintiffs. This action provides a remedy for each Plaintiff and depriving each of such relief is unreasonable. As such, this factor should be considered in favor of granting this Motion.

**E.  Increase Likelihood that Similarly Situated Plaintiffs Would be Chilled**

It is established that the "public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe* at 788, citing *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). In *Doe*, the court found that even though the plaintiff did not express an intention to discontinue the action if the court required her to disclose her identity, a decision precluding her from proceeding under a pseudonym may discourage other victims of sexual assault from bringing their claims forward. *Id.* The court still found this factor in favor of granting the motion. *Id.*

This factor is even more influential in the present facts. Each of the present Plaintiffs grew up using Defendant's tanning bed in this small community. According to the criminal complaint in U.S. District Court case no. 22-MJ-6047 against Defendant, there are other victims of Defendant exist beyond the Plaintiffs of this action. The denial of this Motion would therefore have a chilling effect not only on similarly situated victims of sexual exploitation as minors in general, but on similarly situated victims of the Defendant himself. As such, this factor favors granting of the Motion.

**F.  Risk of Prejudice to Opposing Party**

In *Doe v. Cook County*, the court found this factor to be neutral because the defendants had not responded to the motion that they would be prejudiced by the plaintiff proceeding under a pseudonym. *Doe* at 788. At present, the Defendant has clearly not responded to this Motion. Absent that affirmative showing by the Defendant as to how proceeding under a pseudonym might harm him, the court should weigh this factor neutrally on the disposition of this Motion.

Further, Plaintiffs recognize the need of the Court to know the full names of the Plaintiffs. CDIL-LR 11.3(1). In addition, Plaintiffs recognize Defendant's need to litigate the case. Plaintiffs welcome a protective order whereby the identities of Plaintiffs can be filed under seal for only the Court and Defendant to know, provided the Defendant is prohibited from disclosing, publicly or otherwise, the Plaintiffs' names. See *Does I Thru XXIII v. Advanced Textile Corporation*, 214 F.3d 1058, 1069 (9th Cir. 2000)(proceedings may be structured to eliminate any perceived prejudice); *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001)(protective order is a "reasonable way to reconcile the competing interests" to ensure Plaintiffs can proceed anonymously and that Defendant's ability to asset defenses is not harmed).

### G. Evidence of Ulterior Motives of Movant

There had been no allegations suggesting any ulterior motive of the plaintiff in the *Doe* case by bringing the lawsuit or proceeding under a pseudonym. *Doe* at 789. Such is the case in the present facts. In the absence of allegations to the contrary, the Court should assume that the Plaintiffs are acting in good faith. As such, this factor should also not weigh against them and should be neutral on the disposition of this Motion.

### H. Movant's Identity Disclosed to Public or Kept Confidential

In the present facts, like in *Doe*, there are no allegations suggesting that Plaintiffs have already disclosed their identities publicly. Indeed, each of the Plaintiffs are not named in any prior court

proceeding at the criminal level. Without such a showing, "the needle does not move." *Id*. Therefore, the Court should weigh this factor neutrally on the disposition of this Motion.

### I. Alternative Mechanisms to Protect Confidentiality

If there is a sufficient alternative mechanism to protect a movant's privacy interest, a motion to proceed under a pseudonym will be denied. *Id*. The *Doe* court included an example regarding medical information, resulting in the denial of such a motion because the same privacy could be achieved through the alternative mechanisms of redaction and sealed submissions. *Id*. Because there is likely no alternative mechanism that might weigh against the Motion here, the Court should weigh this factor neutrally.

### J. Opposing Party is Governmental Entity or Private Individual

As *Doe* states, courts have analyzed this factor inconsistently, with some courts holding that a suit against a private individual favors granting a motion to proceed under a pseudonym and other courts holding the opposite. *Id*. The *Doe* court ultimately found that the public's interest still weighed heavily against anonymity because the defendants were public servants who stood accused of a gross abuse of power. *Id*. The public has a much lesser interest in knowing the identity of one private individual suing another. *Id*.

Distinguished from *Doe*, Defendant in the present case is private individual. The public therefore has a much lesser interest in knowing the identity of the parties in an action against a private individual. The Court here should therefore weigh this factor neutrally for the disposition of the Motion.

### K. Movant is Minor or Was Minor at Time of Conduct at Issue

This factor was not considered in the *Doe* case as it was not relevant. However, this factor is relevant here in that each of the Plaintiffs were minors at the time of Defendant's conduct. As

shown above, there is a significant interest in the protection of minors from sexual exploitation. Because each of the Plaintiffs seeking this Motion were minors at the time of the exploitation, their anonymity is of increased importance. As such, this factor should weigh in favor of granting of this Motion.

**L.  Disclosure of Movant's Name Would Violate Fifth Amendment Rights**

This factor is also not discussed in *Doe v. Cook County*. However, the court in the *Ziemer* case comments on this issue. In *Ziemer*, the defendant asked the court to reconsider allowing the plaintiff to proceed anonymously, arguing that he may be entitled to assert his Fifth Amendment rights against self-incrimination in light of his pending criminal charges. *Doe v. Ziemer*, No. 18-cv-3234, 2019 WL 1916194 (U.S. Dist. Ct. Illinois April 30, 2019). He argued that he must know the plaintiff's identity to exercise his rights. He also argued that the plaintiff's name had already been a matter of public record so there was no reason to conceal her identity. *Id*.

The present facts are distinguished from those of the *Ziemer* case. Defendant has already had his criminal trial so the Plaintiffs' identities disclosure in court proceedings will not impact his ability to exercise his rights in such a case. Moreover, the Plaintiffs' names have not already been made a matter of public record so neither of these factors would weigh against the granting of this Motion. As such, this factor should weigh neutrally.

**M. Nature of Issues Presented Are Purely Legal in Nature**

*Doe v. Cook County* also did not analyze this factor. There is little case law that provides guidance for the consideration of this factor or how the court would weigh either way. Therefore, this factor should also weigh neutrally on the disposition of the Motion.

**CONCLUSION**

In *Doe v. Cook County*, the court's analysis of these factors ended in factors 2 and 5 weighing in favor of granting the motion, factors 1, 3, 4, and 6-9 were neutral, and factor 10 weighed against the motion. *Doe v. Cook Cnty., Illinois*, 542 F. Supp. 3d 779, 790 (N.D. Ill. 2021). However, the court noted that ultimately the burden is on the movant to show that a combination of the factors outweighs the strong presumption of openness in judicial proceedings. *Id.* On balance, the court found that the factors in favor did not carry sufficient weight to overcome the presumption. *Id.*

In consideration of the factors above in the present case, the majority of the factors should weigh in favor of granting this Motion. Indeed, factors 1-5 and 10 should all weigh in favor of the Motion, 6-9 and 11-13 should weigh neutrally, and none of the factors weigh in the denial of the Motion. Moreover, the factors that weigh in favor of the Motion carry significant weight, especially those referring to the protection of minors from sexual exploitation. In this balancing, Plaintiffs have demonstrated that the factors overcome the presumption against proceeding under pseudonyms and should therefore be allowed to continue as such.

WHEREFORE, PLAINTIFFS respectfully request that this Court grant this Motion and permit each of the Plaintiffs to proceed under a pseudonym throughout the entirety of this action on such terms and conditions as the Court deems just and proper.

Dated: February 2, 2023

                                                HASSELBERG GREBE SNODGRASS
                                                URBAN & WENTWORTH,
                                                Attorneys for Plaintiffs

                                                BY: /s/ Taylor D. Cascia
                                                      Taylor D. Cascia
                                                      One of Their Attorneys

David L. Wentworth II, ARDC #6217033 (Lead Counsel)

HASSELBERG GREBE SNODGRASS URBAN & WENTWORTH
401 Main Street, Suite 1400
Peoria, IL 61602
Tel: (309) 637-1400
Fax: (309) 637-1500
Email: dwentworth@hgsuw.com

Taylor D. Cascia, ARDC #6337626
HASSELBERG GREBE SNODGRASS URBAN & WENTWORTH
401 Main Street, Suite 1400
Peoria, IL 61602
Tel: (309) 637-1400
Fax: (309) 637-1500
Email: tcascia@hgsuw.com